UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN ALEXANDER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-02157-BLF<br><br>**ORDER SUBMITTING MOTION TO CONSOLIDATE CASES WITHOUT ORAL ARGUMENT; VACATING HEARING; AND DENYING MOTION**<br><br>[Re: ECF 30] |

　　　　The Motion to Consolidate Cases that was set for hearing on May 4, 2017 is hereby SUBMITTED without oral argument and the hearing is VACATED. *See* Civ. L.R. 7-1(b). The motion is DENIED for the reasons discussed below.

　　　　Defendant Experian Information Solutions, Inc. asks this Court to consolidate 171 cases that currently are assigned to several different judges in this district. Defendant's motion is governed by Federal Rule of Civil Procedure 42(a), which permits a court to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (internal quotation marks and citation omitted).

　　　　Neither Rule 42(a) nor this Court's Civil Local Rules contemplate consolidation of cases that are assigned to different judges. Nor do these rules authorize transfer of cases from one judge to another absent a determination that the cases are related under Civil Local Rule 3-12. While the

cases at issue share common legal theories, they are asserted on behalf of different plaintiffs based on different facts and therefore do not meet the definition of related cases under Civil Local Rule 3-12.  Moreover, assigning 171 cases to a single judge would result in substantial delay and inconvenience, which would outweigh any efficiency that might be gained from consolidation.

As to the cases pending before the undersigned judge, the Court finds that consolidation is inappropriate under the circumstances.  Should these cases make it past the pleading stage, much of the discovery and many of the factual issues will be individualized.  For example, showing that the reporting of each plaintiff's debt was inaccurate, and that the plaintiff suffered resulting damages, will require plaintiff-specific proof.

While formal consolidation is not warranted, the cases assigned to the undersigned judge will be coordinated to the extent practicable.

**IT IS SO ORDERED.**

Dated: February 14, 2017

_____
BETH LABSON FREEMAN
United States District Judge